GERALD, LYNN, Associate Judge.
Mandamus by which appellant sought to require appellees to issue her a continuing contract to teach school. The Court denied the peremptory writ and dismissed the alternative writ. This appeal was then instituted.
The agreed statement of facts stipulated to by the parties reveals:
Appellant was appointed to teach school in Palm Beach County during the school year 1952-1953, again in 1953-1954, again in 1954-1955, and again in 1955-1956. She did teach during those years, and each contract was a one year contract. She was properly certificated to teach, her certificate having been issued July 1, 1952, but not in the field of elementary education. During those years she taught only in the field of elementary education. (There is apparently a procedure authorizing this if the teacher attends summer courses toward attaining the proper certification, and this appears to have been complied with.) Appellant received a proper certificate to teach in the field of elementary education in July, 1955.
Appellant was not issued a continuing contract for the 1955-1956 school year. She was issued a one year contract which she signed. This contract does not contain any language extending the three year probationary period, and she was not at that time requested to extend it.
Appellant was originally issued a graduate certificate predicated on graduation from a standard four year college. After she received her original certificate she submitted evidence of her certification in the field of elementary education in August 1955, which was the beginning of the school term o'f 1955-1956. She later had her certificate, extended to July, 1962. After she had been certified in the field of elementary education, and after she had completed three years probation and had been appointed for the fourth consecutive year, during the school year of 1955-1956 she requested a continuing contract. This was refused and she was asked to agree in writing to serve the school year of 1956-1957 on probation. She refused to enter this agreement.
It was agreed that there had been no-extension of the three year probationary period unless her signing of the one year contract for 1955-1956 operated as-such an extension as a matter of law.
Applicable Statute and Regulations:
F.S. § 231.36, F.S.A.
“* * * Effective July 1, 1951 each member of the instructional and administrative staff in each county school system, except in counties operating under local, special or general tenure laws with stated population application who holds a regular certificate based at least on graduation from a standard four year college, who has completed three years of service in a county of the state and who has been reappointed in such county for the fourth successive year, shall be entitled to- and shall be issued a continuing contract in such form as may be prescribed by regulations of the state board; provided, that the period of service provided herein may be extended to four years-when prescribed by the county board, and agreed to in writing by the employee. Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue-in his position or in a similar position in the county at the salary schedule-authorized by the county board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns or until his contractual status is changed as prescribed below: *
*512 The following definition is from the regulations of the state board:
“Adopted April 24, 1951
“Section 231.36 [F.S.A.]
“State Board Regulation relating to Definition of ‘Regular’ Certificate As A Qualification For Continuing Contract Status
“A ‘regular’ certificate to be held by each member of the instructional and adminstrative staff in each county school system as a prerequisite for issuance of a continuing contract shall be one of the five types of certificates listed below, based at least on graduation from a standard four-year college regularly covering the teaching work or the position (as prescribed by State Board Regulations) to which the teacher is appointed at the time eligibility for a continuing contract is established:
“Graduate
“Post Graduate
“Advanced Post Graduate
“Professional (based on Graduate Certificate)
“Life Graduate State (based on a Graduate State Certificate granted on basis of a four-year degree)
“A certificate of a type lower than a ‘graduate’ certificate will not be considered as a ‘regular’ certificate for the purpose of establishing eligibility for a continuing contract under the terms of Section 231.36, Florida Statutes, 1949 [F.S.A.].”
The questions presented are:
I.
Whether The Three Years During Which Appellant Taught Out Of Her Properly Certificated Field Count Toward The Probationary Period So As To Entitle Her To A Continuing Contract.
II.
Whether The One Year Contract Signed By Appellant For The Fourth Year During Which She Taught Constituted As A Matter Of Law An Extension Of The Probationary Period.
The first question must be answered in the affirmative. A careful reading of the Regulation of the State Board of Education (supra) in connection with the applicable Statute discloses that a teacher must hold a certificate covering the teaching work or position at the time eligibility for a continuing contract is established. The Statute (F.S. Sec. 231.14, F.S.A.) requires that every teacher must have a certificate to teach under regulations of the State Board of Education (F.S. Sec. 231.16 F.S.A.), who shall prescribe the types, classes annd ranks of certificates, the types of instruction these certificates shall cover and the requirements for such certificates. The appellant received her certification in elementary education in July, 1955. Her contract for her fourth year became effective August 22, 1955 for a period of ten (10) months. She therefore became eligible for her continuing contract.
The appellant here had a proper certificate and complied with the rules perx^.tting her to teach out of her certificated field. However, at the time her “eligibility” for a continuing contract was established, (i.e. at the end of these three (3) years of teaching) she was properly certificated in the field of elementary education.
The second question presented relates to the effect of appellant signing a contract for the fourth year. Appellees contend that this has the effect of extending the probationary period from three (3) to four (4) years. See Sec. 231.36, supra. We cannot agree with this contention. No mention is made in the contract of any such extension. Further, when appellant became entitled to a continuing contract, the ap-pellees had no authority to require a dif *513 ferent contract in conflict with her request for a continuing contract. See annotation 110 A.L.R. at page 800.
Reversed and remanded with directions to the lower Court to issue a peremptory writ of mandamus in accordance with the views expressed above.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.